# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**David Taylor,**
**Petitioner Below, Petitioner**

**FILED**

March 29, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 11-1529** (Berkeley County 11-C-681)

**David Ballard, Warden, Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner David Taylor, *pro se*, appeals the Circuit Court of Berkeley County's order, entered September 19, 2011, summarily dismissing his third petition for a writ of habeas corpus. The respondent warden, by Christopher C. Quasebarth, his attorney, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following jury selection, but before opening statements, petitioner entered into a non-binding plea agreement to a one count indictment charging him with aggravated robbery with the use of a firearm. The circuit court conducted the required plea colloquy, convicted petitioner, and sentenced him to forty-four years in prison. Petitioner appealed to this Court which refused his petition by an order entered June 29, 1994.

On October 7, 1998, petitioner filed his first petition for a writ of habeas corpus, in which he alleged: ineffective assistance of trial counsel; deficient plea colloquy; and failure to strike a juror. Petitioner was represented by counsel.[1] The respondent warden filed a motion to dismiss the petition. The circuit court granted the motion to dismiss in an order entered May 6, 1999.[2]

Petitioner filed a motion to alter or amend the judgment on June 1, 1999, which was denied. Petitioner's appeal of the circuit court's dismissal of his petition was refused.

---

[1] While petitioner had counsel, no evidentiary hearing occurred on his first petition.

[2] This order, and the findings therein, will be discussed infra.

1

On August 25, 2008, petitioner filed his second petition for a writ of habeas corpus which was dismissed without prejudice for a lack of factual support. No appeal was taken.

On August 22, 2011, petitioner, *pro se*, filed his third—and most recent—petition for a writ of habeas corpus in which he alleged: ineffective assistance of trial counsel; deficient plea colloquy; and illegal search and seizure.[3] The first two grounds were the same as the first two grounds raised in his first petition; the third ground was new.

In an order entered September 19, 2011, the circuit court found petitioner's first two grounds to be precluded from a successive petition because those claims also "appear[ed] in the first Petition."[4] The circuit court found that the illegal search and seizure claim could have been raised in either petitioner's direct appeal or in his first petition and, therefore, the claim was waived.[5] Accordingly, the circuit court summarily dismissed petitioner's third petition.

We review the circuit court's order dismissing the petition under the following standard:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). "A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

On appeal, petitioner states that the circuit court's order is erroneous in stating that an evidentiary hearing occurred on his first habeas petition. Petitioner argues that trial counsel was ineffective and that he should be allowed to enter a new plea or develop a record concerning his original plea. Petitioner also argues that a search and seizure violation occurred. While

---

[3] Petitioner also argued for habeas relief because of the cumulative effect of these errors.

[4] The circuit court also found petitioner's argument based upon Rule 11 of the West Virginia Rules of Criminal Procedure, which—*inter alia*—addresses plea agreement procedure, was not of a constitutional nature and, therefore, not recognizable in habeas corpus. *See* Syl. Pt. 4, *State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 254 S.E.2d 805 (1979), *cert. denied*, 464 U.S. 831 (1983).

[5] Also, with respect to both the illegal search and seizure claim, and the ineffective assistance claim, the circuit court found that "the Petitioner has made blanket assertions rather than detailed factual support."

2

acknowledging the circuit court's error on whether an evidentiary hearing occurred, the respondent warden argues that the circuit court did not err in summarily dismissing petitioner's third petition. The respondent warden argues that petitioner's guilty plea means that he has waived any claim concerning illegal searches and seizures, citing *State v. Legg*, 207 W.Va. 686, 690 n. 7, 536 S.E.2d 110, 114 n. 7 (2000).

The lack of an evidentiary hearing could have potentially prevented the first habeas proceeding from having a preclusive effect on the instant proceeding;[6] however, it is relevant that petitioner had counsel who advocated on his behalf. The circuit court's May 6, 1999, order, which dismissed the first petition, reflects that the court considered "the record, . . . the briefs and other papers filed herein[,] and the record of the underlying criminal case[.]"[7] The circuit court found that "[t]he record of the plea and sentencing hearings conclusively demonstrate the voluntariness of the petitioner's guilty plea" and that "[n]either is the petitioner's factual contention . . . that counsel was ineffective by forcing the plea on him at the last minute borne out by the record." Therefore, after careful consideration of the parties' arguments, this Court concludes that the circuit court did not abuse its discretion in summarily dismissing petitioner's third petition.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Berkeley County and affirm its September 19, 2011, order denying petitioner's third petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** March 29, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[6] *See Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

[7] The order also indicates that the circuit court considered arguments of counsel from a hearing occurring on March 8, 1999. However, the docket sheet from the first proceeding is ambiguous on whether such a hearing occurred; therefore, it cannot be confirmed.